**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ISMAEL SALAM, individually and on behalf of all others similarly situated, | ) ) ) | Case No. |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ASHLEY FURNITURE INDUSTRIES, INC., a Wisconsin corporation, and ASHLEY HOMESTORES, LTD., a Wisconsin limited company, | ) ) ) ) ) | |
| Defendants. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Ismael Salam ("Plaintiff") brings this Class Action Complaint against Defendants Ashley Furniture Industries, Inc. ("Ashley Furniture") and Ashley Homestores, Ltd. ("Ashley Homestores") (collectively "Defendants") on behalf of himself and all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**I.      NATURE OF THE ACTION**

1.      Defendant Ashley Furniture is the largest manufacturer of furniture in the world, with manufacturing and distribution facilities in Wisconsin, Mississippi, California, Pennsylvania, Florida, China, and Vietnam.  Ashley Furniture sells its products primarily through Defendant Ashley Homestores' approximately 500 retail furniture locations, which are

404975.1

owned and operated by licensees in the United States, Canada, Mexico, Central America, and Japan.

2.      In an effort to market their products and services, Defendants sent (or directed to be sent on their behalf) unsolicited text messages to the wireless telephones of Plaintiff and each of the members of the Class without prior express written consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

3.      Neither Plaintiff nor the other Class members ever consented in writing, authorized, desired or permitted Defendants to send text messages to their wireless telephones.

4.      By sending such unauthorized text messages, Defendants caused Plaintiff and each of the Class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited text messages, and the monies paid to their wireless carriers for the receipt of such messages.

5.      In order to redress these injuries, Plaintiff seeks an injunction requiring Defendants to cease all unsolicited text message activities and an award of statutory damages to the Class members under the TCPA, together with costs and reasonable attorneys' fees.

## II.     JURISDICTION AND VENUE

6.      This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 because they arise under the laws of the United States and further, under 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

7.      This Court has personal jurisdiction over Ashley Furniture under the Illinois long-arm statute, 735 ILCS 5/2-209, because Ashley Furniture engaged in solicitation or service

404975.1

activities within the State of Illinois. This Court also has personal jurisdiction over Ashley Furniture because a substantial a portion of the wrongdoing alleged in this Complaint took place in and/or was directed toward this State. Ashley Furniture, by sending mass text messages into this State soliciting business, or by directing that such text messages be sent on its behalf, has sufficient contacts in this State to render the exercise of jurisdiction by this Court permissible. The Court also has personal jurisdiction over Ashley Furniture because it conducts substantial business operations within this State, selling its home furnishing and accessories through independent dealers and more than 20 Ashley Homestores retail locations.

8.      This Court has personal jurisdiction over Ashley Homestores under the Illinois long-arm statute, 735 ILCS 5/2-209, because Ashley Homestores engaged in solicitation or service activities within the State of Illinois. This Court also has personal jurisdiction over Ashley Homestores because a substantial a portion of the wrongdoing alleged in this Complaint took place in and/or was directed toward this State. Ashley Homestores, by sending mass text messages into this State soliciting business, has sufficient contacts in this State to render the exercise of jurisdiction by this Court permissible. The Court also has personal jurisdiction over Ashley Homestores because it conducts substantial business operations within this State, including the maintenance of more than 20 retail furniture stores.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

### III.    PARTIES

*Plaintiff*

10.      Plaintiff Ismael Salam is an individual domiciled in Cook County, Illinois. For purposes of 28 U.S.C. § 1332, Plaintiff is a citizen of the State of Illinois.

404975.1

*Defendants*

11.     Defendant Ashley Furniture is a corporation organized in and existing under the laws of the State of Wisconsin with its principal place of business located in Arcadia, Wisconsin. For purposes of 28 U.S.C. § 1332, Ashley Furniture is a citizen of the State of Wisconsin.

12.     Defendant Ashley Homestores is a limited company organized in and existing under the laws of the State of Wisconsin with its principal place of business in Arcadia, Wisconsin. For purposes of 28 U.S.C. § 1332, Ashley Homestores is a citizen of the State of Wisconsin.

## IV.    FACTUAL BACKGROUND

*Background on Unsolicited SMS Activity*

13.     In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, fax machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

14.     One of the most prevalent alternatives is bulk advertising through so-called Short Message Services. "Short Message Services" or "SMS" is a messaging system that allows for the transmission and receipt of short text messages (usually no more than 160 characters) to and from wireless telephones.

15.     SMS messages are directed to a wireless device using the telephone number assigned to the device. When an SMS message is successfully made, the recipient's wireless phone rings, alerting him or her that a message is being received. As wireless telephones are inherently mobile and are frequently carried on their owner's person, SMS messages may be received by the called party virtually anywhere in the world.

404975.1

16. According to a study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell phones."[1] In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone."[2]

17. Unlike more conventional advertisements, SMS message advertisements can actually cost their recipients money because wireless phone users must pay their wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text messaging plan, regardless of whether the message is authorized.

18. Due to the growing concern over unwanted SMS message advertisements, the Federal Communications Commission ("FCC") updated its rules on consent.

19. As of October 16, 2013, senders of SMS message advertisements for goods or services must obtain the recipient's prior express written consent.

*Defendants' Unsolicited SMS Message Advertisement to Plaintiff*

20. In an attempt to drum up new business, Defendants sent and continue to send unsolicited text messages to Plaintiff's and the Class members' wireless phones without prior express written consent.

21. On August 13, 2014, Defendants sent, or directed to be sent on their behalf, the following text message to Plaintiff's wireless phone:

> Hello there, this is Mohammed from Ashley Frisco and let u know
> one last time about an excellent sale on this Thursday (Tomorrow).
> If u still interested pl. Let me know via return text….thnx.

A true and correct copy of the text message is attached as **Exhibit A**.

---

[1] Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010), http://www.pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx (last visited July 29, 2014).

[2] *Id.*

404975.1

22.     The "from" field of such transmission was identified as "17038356402."

23.     Plaintiff replied to the text message "Do I know you?  How did you get my number?", but received no reply.  Exhibit A.

24.     When Plaintiff later called the number identified in the "from" field, Mohammed answered and stated that Plaintiff had visited the furniture store in Frisco, Texas in June or July of 2014 and provided his number at that time.  Plaintiff's number, according to Mohammed, was therefore "on the list."

25.     On August 14, 2014, Plaintiff sent a text message to Mohammed requesting the address of the furniture store in Frisco.  Exhibit A.  Mohammed replied that the address was "7780 State Highway 121 Frisco TX – 75034."  *Id.*

26.     7780 State Highway 121 Frisco TX – 75034 is the address of the Ashley Homestores retail location in Frisco, Texas.[3]  When Plaintiff called the business number listed for the Frisco store, the individual with whom he spoke confirmed the address and that an individual named "Mohammed" was an employee at the store.

27.     Plaintiff's investigation has thus revealed that Defendants are the source of the text message.

28.     Plaintiff did not visit the Ashley Homestores location in Frisco, Texas in June or July of 2014, and did not provide his telephone number to Defendants.  Plaintiff has never visited the Ashley Homestores location in Frisco, Texas.

---

[3] *See* http://www.ashleyfurniturehomestore.com/storelocator/StoreDetail.aspx?store=Frisco; *see also* https://www.google.com/maps/search/7780+State+Hwy+121,+frisco,+tx/@33.09413,-96.817828,17z/data=!3m1!4b1 (both sites last visited August 21, 2014).

404975.1

29.     Defendants sent or transmitted, or had sent or transmitted on their behalf, the same (or substantially the same) text messages *en masse* to a list of thousands of wireless telephone numbers or randomly generated phone numbers.

30.     On information and belief, Defendants sent, or had sent on their behalf, these text messages to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

31.     On information and belief, Defendants sent, or had sent on their behalf, these text messages to Plaintiff and the Class members using equipment that had the capacity to automatically dial or transmit messages to numbers from a stored list without human intervention.

32.     Plaintiff never consented to in writing, requested, or otherwise desired or permitted Ashley Furniture and/or Ashley Homestores to send or transmit text messages to his wireless phone.

## V.     CLASS ALLEGATIONS

33.     Plaintiff brings this action, as set forth below, on behalf of himself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All individuals in the United States who received one or more unsolicited text messages from or on behalf of Defendants Ashley Furniture Industries, Inc. and/or Ashley Homestores, Ltd. (the "Class").

Excluded from the Class are Defendants and their subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

404975.1

34.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

35.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).**  The members of the Class are so numerous that individual joinder of all Class members is impracticable.   On information and belief, there are thousands of consumers who have been damaged by Defendants' wrongful conduct as alleged herein.   The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Defendants' books and records.   Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

36.     **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).**   This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

a.      whether Ashley Furniture's and Ashley Homestores' conduct constitutes a violation of the TCPA;

b.      whether the equipment Ashley Furniture and/or Ashley Homestores used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA;

c.      whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

d.      whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Ashley Furniture's and Ashley Homestores' conduct; and

e.      whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

-8-

404975.1

37.     **Typicality – Federal Rule of Civil Procedure 23(a)(3).**   Plaintiff's claim is typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

38.     **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously.   The interests of the Class members will be fairly and adequately protected by Plaintiff and his counsel.

39.     **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Ashley Furniture and Ashley Homestores have acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

40.     **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct.  Even if Class members could afford individual litigation, the court system could not.   Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the

404975.1

benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI.    CLAIM ALLEGED

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of the Class)

41.    Plaintiff re-alleges and incorporates by reference paragraphs 1-40 as if fully set forth herein.

42.    Defendants and/or their agents sent unsolicited commercial text messages to the wireless telephone number of Plaintiff and the other Class members *en masse* without their prior express written consent.

43.    Defendants sent the text messages, or had them sent on their behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

44.    Defendants sent the text messages, or had them sent on their behalf, using equipment that had the capacity to automatically dial or transmit messages to numbers from a stored list without human intervention.

45.    Defendants and/or their agents utilized equipment that sent the text messages to Plaintiff and other Class members simultaneously and without human intervention.

46.    By sending the unsolicited text messages to Plaintiff and the Class, Ashley Furniture and Ashley Homestores have violated 47 U.S.C. § 227(b)(1)(A)(iii).  As a result of Ashley Furniture's and Ashley Homestores' unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the unsolicited text messages on their

-10-

wireless phones and under Section 227(b)(3)(B) are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

47.    Should the Court determine that Ashley Furniture's and Ashley Homestores' conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## VII.    JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff Ismael Salam, individually and on behalf of the Class, requests that the Court enter an Order as follows:

A.    Certifying the Class as defined above, appointing Plaintiff Ismael Salam as the representative of the Class, and appointing his counsel as Class Counsel;

B.    Awarding actual and statutory damages;

C.    Requiring Defendant Ashley Furniture Industries, Inc. and Defendant Ashley Homestores, Ltd. to cease all unsolicited text message activities, and otherwise protecting the interests of the Class;

D.    Awarding reasonable attorneys' fees and costs; and

E.    Awarding such other and further relief that the Court deems reasonable and just.

Dated: September 8, 2014                     Respectfully submitted,

ISMAEL SALAM, individually and on behalf of all others similarly situated

By:    */s/ Katrina Carroll*
One of the Attorneys for Plaintiff
And the Proposed Putative Class

-11-

404975.1

-12-

Katrina Carroll
*kcarroll@litedepalma.com*
Kyle A. Shamberg
*kshamberg@litedepalma.com*
**LITE DEPALMA GREENBERG, LLC**
Chicago Office
211 West Wacker Drive
Suite 500
Chicago, IL 60606
312.750.1265

404975.1